Roberto Luis Costales, Esq. (#33696)
William H. Beaumont, Esq. (#33005)
Emily A. Westermeier, Esq. (#36294)
BEAUMONT COSTALES LLC
3801 Canal Street Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
costaleslawoffice@gmail.com
whbeaumont@gmail.com
emily.costaleslawoffice@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

HORIAN ELIAS MARADIAGA, on behalf of himself and other persons similarly situated,
   Plaintiff,

vs.

C.M.C. DRYWALL, INC. and TULIO MURILLO,
   Defendants.

Case No.:

COLLECTIVE ACTION COMPLAINT
JURY TRIAL DEMANDED

Plaintiff Horian Elias Maradiaga, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants C.M.C. Drywall, Inc. and Tulio Murillo.

## NATURE OF THE ACTION

1. This is an action by Horian Elias Maradiaga ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a general construction laborer by Defendants C.M.C. Drywall, Inc. and Tulio Murillo ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

COLLECTIVE ACTION COMPLAINT - 1

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## **JURISDICTION**

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## **VENUE**

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## **PARTIES**

### **Plaintiff Horian Elias Maradiaga**

5. Plaintiff is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately 2013 and worked for Defendants until approximately August 2016.

7. Plaintiff worked at numerous jobsites for Defendants in the Greater New Orleans Area. Each of Defendants' worksites were populated by at least thirty other laborers.

8. Plaintiff worked as a laborer. In connection therewith, Plaintiff performed duties related to installing sheetrock and ceilings.

9. Defendants paid Plaintiff $15.00 per hour. For every hour that he worked in excess of forty in any particular week he was still only paid $15.00 per hour.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

COLLECTIVE ACTION COMPLAINT - 2

### Defendant C.M.C. Drywall, Inc.

11. Defendant C.M.C. Drywall, Inc. ("CMC") is a corporation organized under the laws of Louisiana with its principal place of business in Kenner, Louisiana.

12. CMC is a commercial drywall contractor. CMC specializes in installing drywall, insulation, and other related activities. CMC was a drywall subcontractor on several large construction projects in New Orleans, including the University Medical Center, BW Cooper housing development, and New Orleans East Hospital, among others.[1]

13. CMC supervised the day to day work activities of Plaintiff.

14. CMC determined Plaintiff's work schedule for the employment at issue herein.

15. CMC maintains an employment file for Plaintiff.

16. CMC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. CMC is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Tulio Murillo

18. Defendant Tulio Murillo is an owner of Defendant CMC.

---

[1] *See* Lee Zurik, *Zurik: A billion dollar blueprint for a taxpayer rip-off*, FOX 8 LIVE NEWS (Nov. 23, 2015, 11:10 PM), http://www.fox8live.com/story/30550531/zurik-a-billion-dollar-blueprint-for-a-taxpayer-rip-off, attached as ***Exhibit 1***.

COLLECTIVE ACTION COMPLAINT - 3

19. At all pertinent times herein Defendant Tulio Murillo had the authority to hire and fire CMC employees, including the Plaintiff herein.

20. At all pertinent times herein Defendant Tulio Murillo maintained executive authority over the jobs CMC employees were provided, including the location, duration, and rate-of-pay for those jobs.

## FACTUAL ALLEGATIONS

21. Defendant CMC is a commercial drywall contractor providing services at construction projects in the Greater New Orleans Area.

22. Defendants employed at least thirty manual laborers at their jobsites.

23. Plaintiff normally worked more than forty hours a week for Defendants. On average, Plaintiff worked at least 50 hours per week. Defendants often required Plaintiff to work at least six days per week.

24. Plaintiff was paid by checks bearing the name "C.M.C. Drywall, Inc."

25. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

26. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

27. Defendants paid the named Plaintiff and other similarly situated employees at an hourly rate for work performed.

28. Defendants treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

29. When the named Plaintiff and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

30. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

31. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

32. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least March 2014 and continuing until the present.

33. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

| */s/ Roberto Luis Costales* | */s/ William H. Beaumont* |
|---|---|
| Roberto Luis Costales | William H. Beaumont |
| 3801 Canal Street, Suite 207 | 3801 Canal Street, Suite 207 |
| New Orleans, LA 70119 | New Orleans, LA 70119 |
| Louisiana Bar #33696 | Louisiana Bar #33005 |
| Telephone: (504) 534-5005 | Telephone: (504) 483-8008 |
| Facsimile: (504) 272-2956 | *whbeaumont@gmail.com* |
| *costaleslawoffice@gmail.com* | |

*/s/ Emily A. Westermeier*

Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*